[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 6, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15736

_____

D. C. Docket No. 03-01424-CV-T-26-MAP

CYNTHIA HAMPTON,

Plaintiff-Appellant,

versus

CITY OF ST. PETERSBURG, FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 6, 2005)

Before BIRCH, CARNES and FAY, Circuit Judges.

PER CURIAM:

Plaintiff-appellant, Cynthia Hampton appeals, through counsel, the district

court's judgment entering a jury verdict in favor of the Defendant-appellee, City of

St. Petersburg ("City"). Hampton had filed a two-count complaint alleging religious discrimination and retaliatory discharge under Title VII of the Civil Rights Act of 1964. The jury found that the City's demand that she sign a patient consent form had conflicted with her religious beliefs. Nevertheless, the jury concluded that the City had reasonably accommodated Hampton's religion and that Hampton's religious objections were not a motivating factor in the City's adverse employment actions against her. We AFFIRM.

## I. BACKGROUND

For twenty years, Hampton had worked as an emergency complaint writer in the City of St. Petersburg's police department. During her last year with the City, Hampton had repeatedly called in sick with a migraine. In August 2002, concerned that Hampton was abusing her sick leave, the City ordered her to submit to a medical exam under the Family and Medical Leave Act. See 29 U.S.C. § 2601 et seq. In so doing, the City required Hampton to sign a medical authorization form. Citing concerns about receiving blood transfusions, Hampton repeatedly objected to signing the form on the ground that it conflicted with her religious beliefs. Prior to leaving on a two-week vacation, Hampton met with her supervisors who informed her that if she did not sign the form, she would be considered insubordinate. At that meeting, Hampton allegedly used profanity

2

towards the supervisors.

After charging her with insubordination, the City launched an Internal Affairs investigation. During the investigation, Hampton denied using foul language and reiterated her religious objection to signing the form. On 14 October 2002, the City fired Hampton for insubordination in refusing to sign the form, using profanity in the workplace, and lying about the profanity during the investigation.

On 8 July 2003, Hampton filed suit against the City. During jury selection, the court denied Hampton's motion to strike two jurors for cause, and struck a prospective juror for cause over her objection. During opening argument, the court had allowed the City to display an exhibit that showed Hampton's sick leave. The court later concluded that certain evidence of Hampton's sick leave was prejudicial under Federal Rule of Evidence 403 because it would lead to an improper inference that Hampton was a malingerer. As such, the court repeatedly sustained objections to the various questions by the City relating to that issue. The court also refused to allow Hampton to read pleading admissions to the jury on the basis that jurors are not familiar with the nuances of complaints, answers, and affirmative defenses and such admissions would have a tendency to confuse the issues.

After the City had rested its case, the court denied Hampton's request to read a question and answer from a witness's deposition in rebuttal. After asking Hampton whether this was brought up on cross-examination, the court concluded that such a request was not rebuttal. Before sending the jury to deliberate, the court delivered its jury instructions. The instructions set forth the two claims that Hampton brought against the City, religious discrimination and retaliatory discharge, and the City's response to each. In relevant part, the instructions also stated:

> For an adverse employment action to be "causally related" to statutorily protected activities, it must be shown that, but for the protected activity, the adverse employment action would not have occurred. Or stated another way, it must be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in the Defendant's decision.

R3-58 at 17. On the jury form, the relevant questions included: (1) "Did Cynthia Hampton prove that she was discharged or otherwise penalized due to a conflict between her religion and the city's order to sign the medical consent form?"; (2) Did the city prove that it reasonably accommodated Cynthia Hampton's religion?"; and (3) "Did Cynthia Hampton prove that her religious objections were a motivating factor in the city's adverse employment actions?" R3-61 at 1. The jury answered "Yes" to questions (1) and (2), and "No" to (3). Id.

## II. DISCUSSION

4

In her appeal, Hampton raises the following errors of law and/or abuses of discretion by the trial court: (1) denying challenges for cause in jury selection; (2) allowing an inadmissible exhibit in opening; (3) refusing to let the jury hear pleading admissions; (4) denying requested rebuttal; (5) mentioning excluded evidence repeatedly; and (5) reading erroneous jury instructions.

As an initial matter, we review "a district court's denial of a request that a juror be stricken from a jury panel for cause to determine whether there is 'fair support' in the record for [the] conclusion that the juror would be impartial." United States v. Dickerson, 248 F.3d 1036, 1045 (11th Cir. 2001). For evidentiary rulings, we review "for abuse of discretion, and will reverse only if an erroneous ruling resulted in 'substantial prejudice.'" Conroy v. Abraham Chevrolet-Tampa, Inc., 375 F.3d 1228, 1232 (11th Cir. 2004). Finally, when reviewing a court's charge to the jury, we examine "whether the jury charges, considered as a whole, sufficiently instructed the jury so that the jurors understood the issues and were not misled." United States v. Starke, 62 F.3d 1374, 1380 (11th Cir. 1995) (citation omitted). Reversal due to an erroneous instruction is proper only if there is a "substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." Roberts & Schaefer Co. v. Hardaway Co., 152 F.3d 1283, 1295 (11th Cir. 1998) (citation omitted).

We have thoroughly reviewed the record and briefs of the parties and have carefully listened to oral argument. Applying the appropriate standard of review to each issue, we find no reversible error. Accordingly, we **AFFIRM**.